AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br><br>Larry Barnes Jr.<br><br>*Defendant(s)* | Case No. 3:19MJ214 (RCY) |

FILED
DEC - 9 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 9, 2019__ in the county of __Richmond City__ in the __Eastern__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | possession with intent to distribute heroin and cocaine |

This criminal complaint is based on these facts:
See attached Affidavit, incorporated by reference herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Clinton R. Hoover, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __12/09/2019__

City and state: __Richmond, Virginia__

/s/ _____
Roderick C. Young
United States Magistrate Judge



## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Clinton R. Hoover, being duly sworn, depose and state as follows:

1. Your affiant is a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516, including violations of Title 21. Your affiant is a detective with the Henrico County Police Division and has been a police officer for over seven years, having been assigned to the Henrico Police Organized Crime Section since October 2015. Your affiant was designated as a Task Force Officer for the Drug Enforcement Administration's Richmond District Office in October 2019. Your affiant has participated in more than fifty investigations involving the unlawful possession, possession with the intent to distribute, and distribution of controlled substances, and their associated conspiracies in violation of Virginia State Codes.

2. Your affiant has received specialized training in the methods of trafficking controlled substances, drug recognition, and telephonic exploitation of drug trafficking organizations. This training includes a week-long course, *Investigation & Prosecution of Drug Cases*, presented by the Commonwealth's Attorneys' Services Council.

3. Your affiant has written numerous affidavits for search warrants which have resulted in the successful prosecution and conviction in state courts of individuals involved in illegal drug trafficking. Your affiant has participated in numerous investigations which led to the arrest and successful prosecution of individuals for crimes, to include distribution of controlled substances, possession with intent to distribute controlled substances, possession of controlled substances, and conspiracy to violate the Drug Control Act. Your affiant has testified as an expert

1

witness in state court for cases pertaining to the possession and/or possession with intent to distribute controlled substances and marijuana.

4. Through your affiant's training and experience, including participation in surveillance, controlled purchases of controlled substances, and interviews of informants and suspects, your affiant has become familiar with the methods in which drug trafficking organizations distribute controlled substances throughout the Richmond Metropolitan area.

5. Detective Barron is a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). Detective Barron was hired as a law enforcement officer in October 1986 and has been assigned to the Henrico County Police Organized Crime Section for over twenty-five years. Detective Barron has been involved in drug trafficking investigations at the state and federal levels which resulted in prosecution and conviction. Detective Barron is a field training detective as well as an instructor for the Henrico County Basic Police Academy, Henrico County's Basic and Advanced Narcotics Investigators Schools and the Virginia Commonwealth Attorney's Services Council TOP GUN program.

6. TFO Wallace is a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). TFO Wallace has been employed as a law enforcement officer since May 2004 and a member of Henrico County Police Organized Crime Section for over ten years. TFO Wallace has been assigned to DEA for over two years and has participated in drug investigations at the state and federal levels which resulted in prosecution and conviction. TFO Wallace's on-going assignment has provided him knowledge and experience in conducting controlled purchases of narcotics utilizing confidential sources.

7. Your affiant presents this affidavit in support of a criminal complaint for Larry BARNES Jr., alleging a violation of Title 21, United States Code, Section 841(a)(1), to wit,

possession with the intent to distribute heroin, a Schedule I controlled substance, and possession with intent to distribute cocaine, a Schedule II controlled substance.

8. Unless otherwise stated, the information in this affidavit is either personally known to me or was provided to me by other law enforcement officers. Information provided by other law enforcement officers is believed by me to be accurate and truthful. This affidavit is not intended to include each and every fact and matter known to the government.

9. Between October 1 and November 1, 2019, your affiant and DEA Special Agent Corley, along with other law enforcement officers, conducted controlled purchases of heroin in Richmond, Virginia, from Larry BARNES Jr. These controlled buys consisted of using a confidential source, hereinafter referred to as CS-1, who was provided government funds by law enforcement. The controlled buys were audio and video recorded and included physical surveillance. CS-1 was searched before and after the transaction and no contraband was located. The suspected heroin is pending lab analysis but was identified by law enforcement agents with knowledge and experience collecting and identifying narcotics as consistent with heroin. The suspected heroin was not field tested per policy and procedure out of concern over fentanyl exposure.

10. On December 5, 2019, this Court issued a sealed search warrant for 1215 East Main Street. Law enforcement executed the search warrant on December 9, 2019 1215 East Main Street and found him in possession of heroin and cocaine with intent to distribute, within the jurisdiction of the Eastern District of Virginia, in violation of Title 21, United States Code, Section 841(a)(1).

11. Prior to executing the search warrant at 1215 East Main Street, on December 9, 2019, law enforcement performed surveillance at 13443 Greenham Court, Chester, Virginia. Law enforcement observed a white Lexus, along with two other vehicles, at the home. Each vehicle is

3

registered to either Daniel Barnes or BARNES, Jr. Law enforcement ended surveillance, but then returned with a few minutes to find the white Lexus had left the home. Tracking data showed BARNES, Jr.'s phone leaving the home and travelling north. Approximately twenty minutes after law enforcement noticed the white Lexus had left the home, BARNES, Jr. arrived at 1215 East Main Street.

12. BARNES, Jr. arrived alone and entered into the building with a pass code, walking by law enforcement in the building in the process. Prior to BARNES, Jr. entering the elevator, he was detained by law enforcement. Law enforcement removed two phones and other items from BARNES, Jr.'s pockets and placed him in a police vehicle. He was advised of the Miranda rights as he was placed in the vehicle.

13. In response to a question for law enforcement, BARNES, Jr. advised that a person may be coming to meet him at 1215 East Main Street. Law enforcement observed the same person previously seen entering this location with BARNES, Jr. during a previous day of law enforcement surveillance park on East Main Street behind the vehicle that BARNES, Jr. had driven to 1215 East Main Street.

14. BARNES, Jr. did not have a key to the 1215 East Main Street location when detained. He later stated that he had "tossed" the key prior to his detention and that no one can get into the apartment without him.

15. During law enforcement's execution of the search warrant on December 9, 2019, at 1215 East Main Street, they found in the kitchen a money counter, several trash bags filled with marijuana, a shopping receipt with BARNES, Jr.'s name on it, four Ziploc bags filled with cocaine,

4

a Ziploc bag filled with heroin, and a wrapped, sealed kilogram of heroin. BARNES, Jr. identified the kilogram of heroin as such. He also states that the drugs belonged to him.

16. Law enforcement also found scales, an unknown quantity of U.S. Currency, and what appeared to be handwritten ledgers or notes in close proximity to the U.S. Currency.

17. Based on the information provided above, there is probable cause to believe that on December 9, 2019, in the Eastern District of Virginia, and within the jurisdiction of this Court, Larry BARNES Jr. possessed with the intent to distribute heroin, a Schedule I controlled substance, and possession with the intent to distribute cocaine, a Schedule II controlled substance, both in violation of 21 U.S.C. § 841(a)(1).

Clinton R. Hoover
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 9th day of December, 2019, in Richmond, Virginia.

/s/
Roderick C. Young
United States Magistrate Judge

5