IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                              Criminal Case No. 3:20-CR-002-001

**LARRY BARNES, JR.,**
              Defendant.

## DEFENDANT LARRY BARNES JR. POSITION ON SENTENCING

Comes now the defendant, Larry Barnes Jr., by counsel, and files, pursuant to Rule 32 of the FRCP, his position on sentencing. Mr. Barnes has NOT BEEN ABLE TO review the presentence report ("PSR") because the Northern Neck Regional Jail has not given the PSR to Barnes, which according to USPS tracking it was successfully received by the Northern Neck Regional Jail on 10/5/2020 (see attached). After conferring with Barnes remotely, without his review of the PSR, the following additional amendments, corrections, or objections have been provided. Barnes' advisory sentencing guideline range is 121-151 months of imprisonment based upon a criminal history of IV. However, the mandatory minimum for the offenses is 180 months due to the § 841 enhancement sought by the Government.

### Additions

**Paragraph 78:**

Larry Barnes Sr., Larry Barnes Jr.'s, Father, died September 19, 2020.

**Paragraph 99:**

Larry Barnes also suffers from drug and alcohol addiction. While incarcerated he is willing to participate in mental health counseling for his drug and alcohol addiction as well as his gambling addiction.

1

## Background

Larry Barnes Jr. ("Barnes" or "Defendant") was born on October 7, 1983 in Richmond, VA. His parents were Larry Barnes Sr. and Francine Barnes (nee: Elmore). Defendant's father was 61 and passed away on September 19, 2020. Defendant's mother is 59 years old. She lives in Richmond, Virginia. Barnes was raised by both his parents in Richmond, Virginia. Barnes graduated Henrico High School in 2002 and has specialized training as a barber.

Barnes married Danielle Upshaw on May 27, 2014 and they have two children. Barnes has an older daughter from a previous relationship, Paris Smith, age 12.

Barnes suffers from asthma. He has also abused alcohol and drugs, in addition to a gambling addiction.

## Nature and Circumstances of the Offense

Barnes was found in possession of a large quantity of cocaine, heroin, and marijuana.

## Sentencing Factors under 18 U.S.C. § 3553(a)

After considering the appropriately-calculated advisory guideline range, courts are to consider all the factors under 18 U.S.C. § 3553(a) in reaching the appropriate, individualized sentence for the particular case. See Gall v. United States, 552 U.S. 38, 49 (2007); Kimbrough v. United States, 552 U.S. 58, 90 (observing that the Guidelines "now serve as one factor among several courts must consider in determining an appropriate sentence").

In addition to the advisory guideline range, the other factors that a court must consider when determining an appropriate sentence include the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with appropriate correctional treatment, id. at §

2

3553(a)(2); the kinds of sentences available, id. at § 3553(a)(3); the need to avoid unwarranted disparity among defendants with similar records and conduct, id. at § 3553(a)(6); and the need to provide any restitution to any victims of the offense, id. at § 3553(a)(7). Pursuant to 18 U.S.C. § 3553(a), courts must "impose a sentence sufficient, but not greater than necessary to comply with the purposes" of sentencing.

## Other Factors the Court Must Consider

The sentencing factors under 18 U.S.C. § 3553(a)(2) address retribution, deterrence, incapacitation, and rehabilitation. See Tapia v. United States, 564 U.S. 319, 325 (2011). This Court is to determine a sentence that is sufficient, but not greater than necessary, to address these factors, "to the extent that they are applicable in light of all the circumstances of the case." See 18 U.S.C. §§ 3551(a), 3553(a); Tapia, 564 U.S. at 325.

Punishment for this offense is necessary. The question is what form of punishment is sufficient, but not greater than necessary to comply with the mandates of § 3553. A sentence within the guidelines is appropriate to comply with the provisions of § 3553.

In addition, 18 U.S.C. § 3553(a)(D) requires the court to consider providing needed educational or vocational training, medical care or other correctional treatment in the most effective manner. Here, there is no doubt that Mr. Barnes can benefit from mental health treatment to address his drug and gambling dependency while incarcerated. Since the sentence requires a 15 year mandatory minimum, Barnes does not have any position on the adequacy of this sentence at this time.

## Barnes' Position Regarding Pending Revocation

A review of the PSR reveals the offense level of 29 and a criminal history level of IV. Under the Guidelines this translates to a guideline sentence of 121-151 months. However, the government chose to enhance Barnes' sentence for a second offense, under 21 U.S.C. § 841, to a 15 year mandatory minimum

3

sentence or 180 months. Barnes still faces a hearing on the revocation of his prior suspended sentence based solely on this new conviction which could result in another 24 months of incarceration. Barnes had been otherwise compliant with the conditions of his supervised release. By enhancing Barnes new convictions from a 10 year minimum to a 15 year minimum, the government effectively added an additional 180 months to Barnes' sentence. Based upon the enhancement of the mandatory minimum, Barnes had no choice but to agree that the 15 year sentence was appropriate.

Moreover, since the revocation is based solely on Barnes' new conviction it would seem that Barnes is being punished *TWICE* for the same conduct due to the Governments decision to enhance his sentence. Barnes would remind the court that it stated at Barnes' plea hearing that 15 years was an appropriate sentence. Therefore, Barnes would urge the court to refrain from sentencing Barnes to any additional time for the probation violation which is based solely on the second drug conviction.

Respectfully submitted,

LARRY BARNES JR.

By/s/ John B. Mann
Counsel

John B. Mann (VSB 09108)
Counsel for Larry Barnes Jr.
John B. Mann, P.C.
4124 E. Parham Road
Henrico, VA 23228
804-673-6600 - Telephone
804-673-6604 - Facsimile
john@cwkllp.com

4

## CERTIFICATE

I certify that on October 12, 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to:

Stephen E. Anthony, Esquire     stephen.e.anthony@usdoj.gov
Office of the U.S. Attorney

/s/ John B. Mann
John B. Mann

John B. Mann (VSB 09108)
Counsel for Larry Barnes Jr.
John B. Mann, P.C.
4124 E. Parham Road
Henrico, VA 23228
(804) 673-6600 - Telephone
(804) 673-6604 - Facsimile
John@cwkllp.com

```
         UNITED STATES
         POSTAL SERVICE.
              REGENCY
           2000 STARLING DR
         HENRICO, VA 23229-9998
             (800)275-8777
10/02/2020                          11:39 AM
-----------------------------------------------
Product          Qty    Unit      Price
                        Price
-----------------------------------------------
Priority Mail® 1-Day 1              $7.50
   Warsaw, VA  22572
   Weight: 0 lb 5.20 oz
   Expected Delivery Date
   Sat 10/03/2020
   Tracking #:
   9505 5124 1104 0276 4210 96
   Insurance                        $0.00
       Up to $50.00 included
Total                               $7.50
-----------------------------------------------
Grand Total:                        $7.50
-----------------------------------------------
Credit Card Remitted                $7.50
   Card Name: VISA
   Account #: XXXXXXXXXXXX1405
   Approval #: 05557G
   Transaction #: 078
   AID: A0000000031010       Chip
   AL: VISA CREDIT
   PIN: Not Required       CHASE VISA
-----------------------------------------------

***********************************************
       Due to limited transportation
         availability as a result of
         nationwide COVID-19 impacts
        package delivery times may be
       extended. Priority Mail Express®
            service will not change.
***********************************************

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
              1-800-222-1811.

  In a hurry? Self-service kiosks offer
   quick and easy check-out. Any Retail
       Associate can show you how.

     Save this receipt as evidence of
 insurance. For information on filing an
           insurance claim go to
     https://www.usps.com/help/claims.htm

             Preview your Mail
            Track your Packages
             Sign up for FREE @
          www.informeddelivery.com

  All sales final on stamps and postage.
  Refunds for guaranteed services only.
         Thank you for your business.

        Tell us about your experience.
   Go to: https://postalexperience.com/Pos
      840-5230-0254-004-00041-22748-02
```



EXHIBIT A