1

1       UNITED STATES DISTRICT COURT
        EASTERN DISTRICT OF VIRGINIA
2              RICHMOND DIVISION

3

4  _____ )

   UNITED STATES OF AMERICA          )
5                                     )
                                      )
   v.                                 )      Criminal Case No.:
6                                     )      3:20 CR 2
   LARRY BARNES, JR.                  )
7  _____ )

                                            July 9, 2020

8

9            COMPLETE TRANSCRIPT OF PLEA HEARING
            BEFORE THE HONORABLE HENRY E. HUDSON
             UNITED STATES DISTRICT COURT JUDGE

10

11 APPEARANCES:

12 Stephen E. Anthony, Esquire
   OFFICE OF THE UNITED STATES ATTORNEY
13 919 East Main Street
   Suite 1900
14 Richmond, Virginia 23219

15         Counsel on behalf of the United States

16

   John B. Mann, Esquire
17 JOHN B. MANN PC
   4124 E. Parham Road
18 Henrico, Virginia 23228

19         Counsel on behalf of the Defendant

20

21

22

23

24              TRACY J. STROH, RPR
               OFFICIAL COURT REPORTER
25           UNITED STATES DISTRICT COURT

1          (The proceeding commenced at 10:16 a.m.)

2          THE COURT:  Good morning.

3          MR. ANTHONY:  Good morning.

4          MR. MANN:  Good morning, Your Honor.

5          THE COURT:  Before the Court this morning is a

6   plea agreement in this case.  I understand that he will

7   enter a plea of guilty to Counts Two and Three of the

8   superseding indictment and the United States will dismiss

9   Count One.

10          Mr. Anthony, let me ask you to put the remainder

11   of the plea agreement on the record for me, please, sir.

12          MR. ANTHONY:  Yes, sir.  Judge, as you've

13   stated, Mr. Barnes is going to plead guilty to Counts Two

14   and Three of the indictment.  We have had -- I put into

15   the plea agreement a joint recommendation as to the

16   sentence on Counts Two and Three, which will be

17   collectively 15 years.

18          THE COURT:  Fifteen years on each to run

19   concurrently; is that correct, Mr. Anthony?

20          MR. ANTHONY:  Concurrently, but not on each,

21   Judge.  It would be 15 years on Count Two, 10 years on

22   Count Three, and they would run concurrently --

23          THE COURT:  Yes, sir.

24          MR. ANTHONY:  -- for a total of 15 years.

25          THE COURT:  All right.

1          MR. ANTHONY:  Then there is also a waiver of

2    appeal and other standard conditions in the plea

3    agreement.  And we also have a statement of facts and

4    exhibit to the plea agreement and a consent order of

5    forfeiture that's been entered by all parties.

6          THE COURT:  All right.  I understand you've also

7    filed an amended information establishing a prior

8    conviction, which is a prerequisite to the elevated

9    mandatory minimum; is that correct?

10         MR. ANTHONY:  That's correct, Judge.  And the

11   amendment simply changed the statute referencing the

12   definition of serious drug felony to the correct statute

13   from what was in the original information.

14         THE COURT:  And you have agreed that he's

15   entitled to an additional third level decrease for

16   acceptance of responsibility.  As you mentioned, the

17   waiver of appeal, and there's a forfeiture agreement, and

18   a separate agreement which is under seal; is that correct?

19         MR. ANTHONY:  It's not under seal, Judge.  We do

20   have -- oh, excuse me.  I'm sorry.  Yes.  The exhibit to

21   the plea agreement.  Yes.  Yes.

22         THE COURT:  Okay.

23         MR. ANTHONY:  Thank you.

24         THE COURT:  Very well.  Thank you.

25         Mr. Mann, if you and your client would come

1  forward, please.

2        Mr. Barnes, if you'd come up to the podium,

3  please.  Raise your right hand, left hand on the Bible,

4  and face the clerk of the clerk.

5        (The defendant was sworn by the clerk.)

6        THE COURT:  Mr. Barnes, if you would please give

7  me your full name, sir, and your date of birth.

8        THE DEFENDANT:  Larry Barnes, Jr., 10/7/83.

9        THE COURT:  You can lower your mask for the

10  purpose of answering questions.  It makes it much more

11  audible for the court reporter.

12        Would you repeat that one more time, please?

13        THE DEFENDANT:  Larry Barnes, Jr., 10/7/1983.

14        THE COURT:  You're a citizen of the

15  United States?

16        THE DEFENDANT:  Yes.

17        THE COURT:  How much education do you have,

18  Mr. Barnes?

19        THE DEFENDANT:  High school diploma.

20        THE COURT:  So obviously, you read, write and

21  understand the English language?

22        THE DEFENDANT:  Yes.

23        THE COURT:  Now, you're presently under oath.

24  Any false statement you make in connection with this

25  hearing could be used for you or against you in any

1  further civil or criminal proceedings.  Do you understand

2  that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And any false statements you make

5  could result in a perjury prosecution?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Are you under the influence of any

8  drugs, alcohol or medications this morning?

9          THE DEFENDANT:  No.

10          THE COURT:  During the last year, have you been

11  treated for any alcohol or drug-related problems?

12          THE DEFENDANT:  Yes.

13          THE COURT:  All right.  What treatment have you

14  had?

15          THE DEFENDANT:  Well, not for the actual

16  treatment, but I had to have some drug use in the last

17  year.

18          THE COURT:  Okay.  My question, though, is

19  whether or not you have been treated --

20          THE DEFENDANT:  No.

21          THE COURT:  -- for any alcohol or drug abuse

22  problems?

23          THE DEFENDANT:  No.

24          THE COURT:  But you're not under the influence

25  of any drugs, alcohol or medication today; is that right?

1              THE DEFENDANT:  That's correct.

2              THE COURT:  Okay.  Have you had any mental

3   health counseling or treatment in the last year?

4              THE DEFENDANT:  No.

5              THE COURT:  And prior to coming to court today,

6   have you had an ample opportunity to discuss your case

7   with your attorney, Mr. Mann?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Do you need any more time to discuss

10  the case with him before you enter your plea of guilty

11  this morning?

12             THE DEFENDANT:  No.

13             THE COURT:  Are you entirely satisfied with his

14  services?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Has he followed up with any requests

17  you have had to investigate any facts or identify any

18  witnesses?  Have you asked him to do things like that?

19             THE DEFENDANT:  Repeat the question again.

20             THE COURT:  Let me go back and do it a different

21  way here.  Are there any questions you have asked him

22  about your case that he's not satisfactorily answered?

23             THE DEFENDANT:  No.  Everything is good.

24             THE COURT:  Is there anything you've asked him

25  to investigate, like finding witnesses or things like

1    that, that he has not satisfactorily done?

2              THE DEFENDANT:  No.  Yes, everything is -- yeah.

3              THE COURT:  Pardon?

4              THE DEFENDANT:  No.  Everything is good, yeah.

5              THE COURT:  Okay.  And are there any questions

6    about the law or the facts in this case that he hasn't

7    adequately explained to you?

8              THE DEFENDANT:  No.

9              THE COURT:  Okay.

10             MR. MANN:  Judge, I would like to say one thing

11   that concerns me, and I'll just bring it up here.  Last

12   Thursday I Federal Expressed --

13             THE COURT:  Why don't you move over a little bit

14   and lower your mask so the court reporter can hear you.

15             MR. MANN:  Last Thursday, I Federal Expressed to

16   Mr. Barnes copies of the plea agreement and statement of

17   facts.  I Federal Expressed them to the jail.  And

18   Mr. Barnes, we've talked three or four times since then,

19   and he never received it at the jail.

20             I'm just bringing that up to the Court's

21   attention.  I had to read it to him today, and he

22   understands everything, but it would have been a lot

23   easier if the jail had delivered --

24             THE COURT:  Well, I'm sure that's right.

25   That's -- I can truthfully say that's one of the few

1    things I'm not responsible for.

2              MR. MANN:  Me neither, Judge.

3              THE COURT:  All right.  But I want to make the

4    record perfectly clear.  You have had an ample opportunity

5    to read over the plea agreement and the statement of facts

6    in this case; is that correct?

7              THE DEFENDANT:  Correct.

8              THE COURT:  Do you want any more time to discuss

9    it with your attorney this morning?

10             THE DEFENDANT:  No.

11             THE COURT:  Okay.  Now, you're entering a plea

12   of guilty in Count Two to the charge of possession with

13   the intent to distribute 1 kilogram or more of heroin; is

14   that correct?

15             THE DEFENDANT:  Correct.

16             THE COURT:  And Count Three, possession with the

17   intent to distribute 500 grams or more of cocaine; is that

18   correct?

19             THE DEFENDANT:  Correct.

20             THE COURT:  Now, with respect to each of those

21   charges, has Mr. Mann discussed with you what the

22   United States must prove to convict you of those charges?

23             THE DEFENDANT:  Yes.

24             THE COURT:  In other words, gone over what all

25   the legal parts are?

1                    THE DEFENDANT:  Yes.

2                    THE COURT:  And he has explained to you that

3    each and every element or legal part of those offenses

4    must be proven beyond a reasonable doubt to convict you?

5    Has he explained that to you?

6                    THE DEFENDANT:  Yes.

7                    THE COURT:  Do you understand what the term

8    reasonable doubt means?  It's pretty self-explanatory.

9                    THE DEFENDANT:  Yes.

10                   THE COURT:  Any questions about that?

11                   THE DEFENDANT:  No.

12                   THE COURT:  I'm sure that Mr. Mann has met with

13   the Assistant U.S. Attorney, Mr. Anthony, who has outlined

14   to him the evidence that the government would have put on

15   in your case had you gone to trial.  Has he explained to

16   you in detail what the government's evidence would have

17   been in this case?

18                   THE DEFENDANT:  Yes.

19                   THE COURT:  Have you also explained to him

20   everything you recall about the events that occurred on

21   December the 9th, 2019, in which you -- which led to your

22   being charged with possession with the intent to

23   distribute 1 kilogram or more of heroin and 500 grams or

24   more of cocaine?

25                   THE DEFENDANT:  Yes.

1          THE COURT:  Okay.  So based upon what you know

2    about the government's evidence and what you have

3    explained to Mr. Mann about your involvement in these

4    offenses, have you and Mr. Mann discussed whether or not

5    you are, in fact, guilty of these two charges?  Have you

6    had that discussion?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Have you also discussed with him or

9    has he discussed with you whether you have any legal

10   defenses?  In other words, is there any argument or any

11   facts that could be presented that could lead you to be

12   acquitted on these charges?  Have you had that decision --

13   that discussion?

14         THE DEFENDANT:  Yes.

15         THE COURT:  All right.  Now, I'm sure that in

16   evaluating your case, Mr. Mann, as an experienced criminal

17   lawyer, has given you his advice as to what he thinks you

18   ought to do, has he not?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Have you had enough time to think

21   about the advice that Mr. Mann gave you?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Do you need any more time to think

24   about it this morning?

25         THE DEFENDANT:  No.

1          THE COURT:  And what have you decided to do?  Do

2  you want to plead guilty or go to trial?

3          THE DEFENDANT:  Plead guilty.

4          THE COURT:  And you want to plead guilty because

5  you feel you are, in fact, guilty of possession with the

6  intent to distribute 1 kilogram or more of heroin?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And you feel you're, in fact, guilty

9  of possession with the intent to distribute 500 grams or

10  more of cocaine hydrochloride; is that correct?

11          THE DEFENDANT:  Yes.

12          THE COURT:  And you are the same Larry

13  Barnes, Jr. whose name appears in Count Two and Count

14  Three of the indictment.  That's you; is that correct?

15          THE DEFENDANT:  Correct.

16          THE COURT:  Now, the United States has tendered

17  to the Court a document entitled Plea Agreement.  It is

18  ten pages in length and on page numbered 10 there appears

19  to be your signature.  Is that your signature, sir?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Did you read this ten-page document

22  over?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Did you understand it?

25          THE DEFENDANT:  Yes.

1          THE COURT:  Is this the complete agreement

2  between you and the United States?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Is there anything else anybody has

5  promised you or do you expect to receive anything else

6  from anybody in exchange for your plea that's not

7  contained in this ten-page document?

8          THE DEFENDANT:  No.

9          THE COURT:  All right.  Let's walk through the

10  agreement and make sure it's complete.  Now, you're going

11  to plead guilty to Counts Two and Three, and at sentencing

12  the United States is going to dismiss Count One; is that

13  right?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Now, you understand that the

16  United States has filed what's known as an amended

17  information that elevates the penalties in your case.  You

18  understand that?

19          THE DEFENDANT:  Right.

20          THE COURT:  Okay.  And you understand that the

21  United States is going to recommend, and your attorney

22  agrees, that an appropriate sentence in this case on

23  Count Two is 15 years and on Count Three 10 years, and

24  those sentences will run concurrently.  In other words,

25  they'll be served at the same time; is that correct?

1           THE DEFENDANT:  Correct.

2           THE COURT:  The United States has indicated

3    they're not going to prosecute you for any other related

4    nonviolent conduct occurring at the same time as these

5    other two offenses; is that correct?

6           THE DEFENDANT:  Correct.

7           THE COURT:  And you've waived your right of

8    appeal?

9           THE DEFENDANT:  Correct.

10           THE COURT:  And you've signed a forfeiture

11    agreement; is that correct?

12           THE DEFENDANT:  Correct.

13           THE COURT:  Is there anything else anybody has

14    promised you or do you expect to receive anything else

15    from anybody in exchange for your plea other than what I

16    just read to you?

17           THE DEFENDANT:  No.

18           THE COURT:  Now, has anybody threatened you or

19    forced you any way to enter into your plea today?

20           THE DEFENDANT:  No.

21           THE COURT:  You're doing it freely and

22    voluntarily?

23           THE DEFENDANT:  Yes.

24           THE COURT:  You've thought about it?

25           THE DEFENDANT:  Yes.

1          THE COURT:  You think it's in your best

2     interest?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And you do feel you're guilty; is

5     that correct?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Now, when you enter a plea of

8     guilty, Mr. Barnes, you give up a number of your

9     constitutional rights.  And as I go through those with

10    you, if there's any that you'd like to have a more

11    detailed explanation of, let me know and I will pause and

12    give you a more detailed explanation or I'll ask Mr. Mann

13    to do so.

14          This is a felony case, and you have an absolute

15    constitutional right to have each of these charges tried

16    by a jury.  If you ask for a jury trial, 12 randomly

17    selected people from the Richmond area will be summonsed

18    into court to hear and decide your case.

19          In order to convict you on either or both of

20    these counts, the United States must prove each and every

21    element of that offense beyond a reasonable doubt.  If

22    just one juror had a reasonable doubt as to your guilt on

23    either of these counts, you couldn't be convicted of that

24    count by that jury panel.  Do you understand that?

25          THE DEFENDANT:  Yes.

1          THE COURT:  If you went to trial, you'd be

2    presumed to be innocent throughout the entire trial unless

3    and until the United States proved your guilt beyond a

4    reasonable doubt.  You would have no obligation to put on

5    any evidence or to testify, and the fact that you put on

6    no evidence and that you didn't -- or that you didn't

7    testify could not even be considered by the jury in

8    determining your guilt or innocence.  As a matter of fact,

9    the jury cannot even discuss the fact that you didn't

10   testify.  Do you understand that?

11          THE DEFENDANT:  Correct.

12          THE COURT:  If you went to trial, you would be

13   represented by counsel throughout the entire trial.  You

14   would have no obligation to prove your innocence.  The

15   government brought the charges.  They are obligated to

16   prove them and prove them beyond a reasonable doubt.

17          If there are any witnesses that you wanted

18   brought in to testify in your case or any exhibits,

19   documents or items you wanted produced in court to help in

20   defending your case, you could get court orders and have

21   those people here or that item brought into court for use

22   by you and your attorney.  Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  When you enter a plea of guilty, you

25   also give up your right to remain silent, and the

1    United States could, if it wished, call you as a witness

2    either in court or before a grand jury and ask you

3    questions about your case or the facts or circumstances

4    underlying your case.  Do you understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  And if they did, you'd be required

7    to answer those questions truthfully and fully provided

8    that your answers did not increase the potential

9    punishment you could receive.  Do you understand that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Do you understand also when you

12   enter a plea of guilty, you give up your right to

13   cross-examine the government's witnesses and to confront

14   your accusers.  Because when you enter a plea of guilty,

15   you are legally stipulating or agreeing that the

16   United States can prove the charges against you beyond a

17   reasonable doubt.

18             And keep in mind that once I accept your plea of

19   guilty this morning, there will be no trial in your case.

20   That plea of guilty is final, and it can't be appealed.

21   Do you understand you can't appeal a guilty plea?  Do you

22   understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Has Mr. Mann explained to you the

25   legal consequences of being a convicted felon?

1              THE DEFENDANT:  Yes.

2              THE COURT:  As a convicted felon, federally you

3    give up your right to certain federal programs and

4    entitlements.  You also lose your right to possess a

5    firearm, until that right is reinstated, and in Virginia,

6    you lose your right to vote, your right to hold public

7    office, and your right to serve on a jury until the

8    governor of Virginia restores those rights.  Do you

9    understand that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Mr. Mann, does your client have any

12   other pending matters in any other courts that could be

13   adversely affected by this plea of guilty today?

14             MR. MANN:  No, sir, except a violation in this

15   court, supervised release violation.

16             THE COURT:  In this court?

17             MR. MANN:  In this court.

18             THE COURT:  All right.

19             Mr. Anthony, are you aware of any pending

20   matters in any other courts that could be adversely

21   affected?

22             MR. ANTHONY:  Just the pending violation in this

23   court, Judge.

24             THE COURT:  All right.  Thank you.

25             Now, with respect to Count Two, the possession

1  with the intent to distribute 1 kilogram or more of

2  heroin, what is the minimum sentence you face on that

3  charge?

4  THE DEFENDANT:  The minimum?

5  THE COURT:  The minimum.

6  THE DEFENDANT:  Fifteen.

7  THE COURT:  Fifteen years.  And the maximum on

8  that is life.  Is that correct, Mr. Anthony?

9  MR. ANTHONY:  That's correct, Judge.

10  THE COURT:  Okay.  You have an agreement for

11  15 years, but you could have potentially received life.

12  Do you understand that?

13  THE DEFENDANT:  Yes.

14  THE COURT:  And a fine of up to $20 million,

15  supervised release for at least 10 years -- that's like

16  being on parole -- and a special assessment of $100 -- do

17  you understand that? -- on Count Two.

18  THE DEFENDANT:  Yes.

19  THE COURT:  On Count Three, it is a sentence of

20  not less than 10 years, maximum of life; a fine of

21  $8 million -- a fine of up to $8 million; at least 8 years

22  of supervised release; and a special assessment of $100.

23  Do you understand those are the maximum penalties?

24  THE DEFENDANT:  Yes.

25  THE COURT:  The United States has also presented

1  a document to me entitled Statement of Facts.  The

2  statement of facts is three pages long, and on page

3  numbered 3 there appears to be your signature.  Did you

4  sign that, sir?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Did you read this statement of facts

7  over?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Did you understand it?

10            THE DEFENDANT:  Yes.

11            THE COURT:  Did you have a chance to discuss it

12  with your attorney?

13            THE DEFENDANT:  Yes.

14            THE COURT:  Is what the United States said

15  happened what, in fact, happened?  Is this statement of

16  facts correct?

17            THE DEFENDANT:  Yes.

18            THE COURT:  Are there any other facts or

19  circumstances that you'd like to add to this statement of

20  facts to make it more accurate in your mind?

21            THE DEFENDANT:  No.

22            THE COURT:  Have you and your attorney gone over

23  where your case comes out on the Federal Criminal

24  Sentencing Guidelines?

25            THE DEFENDANT:  We haven't came up with no

1    guidelines yet.

2           THE COURT:  All right.  Even though you have an

3    agreed recommendation, it's important that you understand

4    the sentencing guidelines in this case.

5           Have you gone over them, Mr. Mann, with him?

6           MR. MANN:  Judge, I have not gone over them

7    because we were focused on the mandatory minimum that he

8    would receive.

9           THE COURT:  All right.  Do you feel the

10   necessity to do that in this case?

11          MR. MANN:  No, sir, Judge.

12          THE COURT:  Mr. Anthony?

13          MR. ANTHONY:  Judge, I think the Court should go

14   through the explanation of the sentencing guidelines.

15          THE COURT:  I intend to go through the mechanics

16   of applying the guidelines and what sentence, but what the

17   specific guidelines are for this case, I don't have them

18   computed because I don't normally do that.

19          MR. ANTHONY:  Right.

20          THE COURT:  If you all do and would like to put

21   them on the record, you certainly can do that.

22          MR. ANTHONY:  I don't see the need to put them

23   on the record, Judge.

24          THE COURT:  I don't either with a specific

25   recommendation.

1        MR. ANTHONY:  Yes, sir.

2        THE COURT:  All right.  In deciding whether or

3   not to accept the recommendation, which appears to me to

4   be a very reasonable recommendation on the facts of this

5   case, I have to review a number of statutory factors which

6   guide my hand in imposing sentence in the case.

7        I, first of all, will consider the nature and

8   circumstances of the offense, what the case is all about.

9   I then turn to your personal history and characteristics.

10  That I will get through a presentence report.  At the

11  close of this hearing, a U.S. probation officer will be

12  preparing a presentence report.  They'll come by and visit

13  you and get your background and history.

14        That report will be the picture I have of you at

15  sentencing.  It will cover the nature and circumstances of

16  the offense.  It will cover your upbringing, your

17  education, your employment history, your military

18  background, if any, your prior criminal history, the

19  family obligations that you have, medical conditions that

20  you have, drug use.  Total picture.  That's the picture I

21  have of you for the purpose of sentencing is what is

22  contained in the presentence report.

23        Once I get that, I then consider what type of

24  sentence would be sufficient but not longer than necessary

25  to reflect the seriousness of the offense, promote respect

1   for the law, provide for deterrence and provide for just

2   punishment.

3          I also look at any restitution obligations there

4   may be in the case, although I don't think there's any

5   restitution required in this case.  I look at what type of

6   sentence other individuals with similar backgrounds,

7   committing similar offenses have received to make sure

8   that there's uniformity within the system.  I consider

9   what educational, vocational, medical and family

10  obligations you may have, and I integrate that into my

11  calculation to decide what sentence is appropriate.

12         Now, keep in mind that even though I have to be

13  guided by the sentencing guidelines, I do have the

14  authority to vary your guidelines upward or downward to

15  accommodate aggravating or mitigating circumstances.  Do

16  you understand that?

17         THE DEFENDANT:  Yes.

18         THE COURT:  But I believe that the sentence

19  agreed upon by your attorney and the United States is an

20  appropriate one in this case, and unless there's something

21  in the presentence report that probably your attorney and

22  the government are unaware of that makes me change my

23  mind, I'm inclined to accept that recommendation.  I'm

24  sure Mr. Mann has explained to you that most federal

25  detainees are required to serve 85 percent of the sentence

1    that they receive.  Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  We mentioned earlier that you've

4    waived your right of appeal.  Ordinarily, a person

5    convicted of a felony in U.S. District Court would have a

6    right to appeal the sentence they have received to the

7    U.S. Court of Appeals for the Fourth Circuit if they felt

8    that the guidelines were improperly calculated or the

9    sentence was unreasonable.  You have waived that right of

10   appeal.  Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  The United States, on the other

13   hand, if they felt that the sentence I imposed was --

14   first of all, that the guidelines were improperly

15   calculated by the Court or the sentence imposed was

16   unreasonable, they would technically have a right to

17   appeal.  But once again, you have waived your right of

18   appeal.  Any question about that?

19             THE DEFENDANT:  No.

20             THE COURT:  All right.  Now, is there anything,

21   Mr. Barnes, that has occurred this morning that you did

22   not understand?

23             THE DEFENDANT:  No.

24             THE COURT:  Are there any questions you'd like

25   to ask me about your plea of guilty or any constitutional

1  rights you have waived this morning before I accept your

2  plea?

3              THE DEFENDANT:  No.

4              THE COURT:  All right, then.  To the charge of

5  possession with the intent to distribute 1 kilogram or

6  more of heroin, as charged in Count Two of the superseding

7  indictment in this case, what is your plea, sir, guilty or

8  not guilty?

9              THE DEFENDANT:  Guilty.

10             THE COURT:  And to the charge of possession with

11  the intent to distribute 500 grams or more of cocaine

12  hydrochloride, as charged in Count Three of the

13  indictment, what is your plea, sir, guilty or not guilty?

14             THE DEFENDANT:  Guilty.

15             THE COURT:  All right.  Based on your pleas of

16  guilty, your responses to my questions, the government's

17  statement of facts, I find your plea of guilty as

18  voluntarily, knowingly and intelligently entered, with an

19  understanding of the nature of the charges, the

20  consequences of the pleas, and the penalty provisions that

21  you face.

22             I further find that the statement of facts

23  presented by the United States –– and you've agreed that

24  it's accurate –– forms an independent factual basis for

25  your plea of guilty.  I also find that you're competent

1    and capable of entering a plea of guilty today and that

2    your plea of guilty is entered after thoroughly consulting

3    with your attorney.

4              Now, I'm confident that Mr. Mann, being an

5    experienced criminal lawyer, has gone over with you the

6    basic questions I'm going to ask today, but my question of

7    you is has anybody instructed you how to answer my

8    questions or are your answers your own?

9              THE DEFENDANT:  The answers are my own.

10             THE COURT:  All right.  Then I'll accept your

11   plea of guilty and find you guilty of possession with the

12   intent to distribute 1 kilogram or more of heroin, as

13   charged in Count Two, and possession with the intent to

14   distribute 500 grams or more of cocaine, as charged in

15   Count Three.

16             Now, no sentence will be imposed today.  Your

17   case will be referred to the U.S. Probation Office to

18   prepare a presentence report in this case.

19             Ms. Pizzini, what date does this case go to for

20   sentencing?

21             THE CLERK:  October 30th, Your Honor, at 9:30.

22             THE COURT:  Is that compatible with your

23   calendar, Mr. Mann?

24             MR. MANN:  Yes, sir.

25             THE COURT:  Mr. Anthony?

1          MR. ANTHONY:  Yes, sir.

2          THE COURT:  All right.  Your case will be

3    continued until 9:30 a.m. on October the 30th for a

4    hearing on the presentence report and for the imposition

5    of sentence.

6          As I mentioned to you, a U.S. probation officer

7    will be coming by to talk to you.  The probation officer

8    will be preparing a presentence report, which is the

9    picture I have of you at sentencing.  Okay?  Now, I want

10   you to be fully cooperative with the U.S. probation

11   officer.  Whatever he or she tells you to do to help him

12   or her prepare the presentence report, you must follow

13   their instructions.  Do you understand that?

14         THE DEFENDANT:  Yes.

15         THE COURT:  The instructions they give you are a

16   direct order of this Court.

17         THE CLERK:  Your Honor.

18         THE COURT:  Yes.

19         THE CLERK:  The revocation hearing will also be

20   held at that same time?

21         THE COURT:  That's right.  There is a

22   revocation -- I'm sorry.  We will conduct the revocation

23   hearing at the same time.

24         Thank you, Ms. Pizzini, for reminding me of

25   that.

1        Any reason why I shouldn't enter this agreed

2   forfeiture order?

3        MR. MANN:  No, sir.

4        THE COURT:  Here are all the documents, Becky.

5        Anything further today, Mr. Mann?

6        MR. MANN:  No, sir, Judge.

7        THE COURT:  Mr. Anthony, anything further?

8        MR. ANTHONY:  No, sir.

9        THE COURT:  All right.  Mr. Barnes, you're

10  remanded to the custody of the United States Marshal.  You

11  are to be back in this courtroom at 9:30 a.m. on October

12  the 30th for a hearing on the presentence report and for

13  the imposition of sentence and for a hearing on the

14  petition alleging you violated the conditions of your

15  supervised release.

16        In your custody, Marshal.

17        Court will stand in recess.

18        MR. MANN:  I have some paperwork he needs to

19  sign for probation.  So --

20        THE COURT:  Okay.  Fine.  Thank you.

21        (The proceeding concluded at 10:44 a.m.)

22                   REPORTER'S CERTIFICATE

23     I, Tracy J. Stroh, OCR, RPR, Notary Public in and for

24  the Commonwealth of Virginia at large, and whose

25  commission expires September 30, 2023, Notary Registration

1  Number 7108255, do hereby certify that the pages contained

2  herein accurately reflect the stenographic notes taken by

3  me, to the best of my ability, in the above-styled action.

4      Given under my hand this 18th day of January 2022.

6              _____/s/_____
               Tracy J. Stroh, RPR